UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:03-cr-227-T-23TBM
8:17-cv-1576-T-23TBM

DARIAN TENSLEY
_____/

**O R D E R**

Tensley moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for possession with intent to distribute more than fifty grams of cocaine base, for which offense he is imprisoned for 327 months. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). Tensley's motion is barred.

Tensley's conviction became final in 2007 and his one-year limitation under Section 2255(f)(1) expired in 2008. Tensley asserts entitlement to another year under Section 2255(f)(3), which affords a limitation from "the date on which the right asserted was initially recognized by the Supreme Court . . . ." Tensley is ineligible for a limitation under Section 2255(f)(3) because the present motion to vacate is not his first motion under Section 2255.

Tensley's earlier challenge under Section 2255 was denied on the merits in 8:08-cv-293-T-23TBM. Both the district court and the circuit court declined to issue a certificate of appealability. (Docs. 10 and 15 in 08-cv-293) Tensley cannot pursue a second or successive motion without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The earlier denial of his motion to vacate precludes Tensley from again challenging either his conviction or his sentence without first obtaining authorization from the circuit court.

Section 2255(h) permits authorizing a second or successive motion under two circumstances, specifically:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Tensley knows that he must obtain authorization under Section 2255(h). In 2016 Tensley requested permission to file a second or successive motion, in which he claimed entitlement to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The circuit court rejected his asserted entitlement to a limitation under Section 2255(h)(2). (Doc. 18 in 08-cv-293)

In the present motion to vacate Tensley asserts entitlement to the retroactive application of *United States v. Mathis*, 136 S. Ct. 2243 (2016). Tensley fails to represent that the circuit court has granted him the necessary authorization. A district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). As a consequence, the district court must dismiss the present motion to vacate.

Generally, an applicant cannot appeal a district court's denial of relief under Section 2255 unless either the district court or the circuit court issues a certificate of

appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains (in the context of an application for the writ of habeas corpus under Section 2254), a COA cannot issue in this action because the district court cannot entertain the motion to vacate to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 Fed. App'x 739, 741 n.1 (11th Cir. 2014)[2] (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on July 11, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.